UNITED STATES v. SOUTHERN PAC. R. CO. et al., (three cases.)

SAME v. COLTON MARBLE & LIME CO. et al.

(Circuit Court, S. D. California. July 10, 1893.)

Nos. 68, 177, 178; and No. 88.

COSTS—UNITED STATES AS A PARTY—SUPREME COURT RULES.

The provision of supreme court rule 24, subd. 4, that no costs "shall be allowed in this court for or against the United States," does not prohibit the allowance of costs of the lower courts in favor of the United States; and where a mandate from the supreme court directs a decree in favor of the United States, without specifying costs, the circuit court may properly include therein its own costs.

On motion to cancel decree.

George J. Denis, U. S. Atty., and Joseph H. Call, Sp. Asst. U. S. Atty.

Joseph D. Redding, for defendants.

ROSS, District Judge. The mandates of the supreme court directed decrees in these suits in favor of the complainant for the relief sought. The relief sought by the bills was: (1) Certain specific relief in respect to lands; (2) general equitable relief; and (3) that the defendants be required "to stand to and abide such order and decree therein as shall be agreeable to equity and good conscience."

The bills contained no express prayer for costs, and, the decrees as entered having included costs incurred by complainant in this court, a motion is made on behalf of the defendants to strike out that portion of the decrees awarding such costs to complainant.

In support of the motion, counsel for the defendants rely upon subdivision 7 of rule 10, and subdivisions 2, 3, and 4 of rule 24, of the supreme court, which are as follows:

Rule 10, subd. 7: "In case of reversal, affirmance, or dismissal with costs, the amount of the cost of printing the record and of the clerk's fee shall be taxed against the party against whom costs are given, and shall be inserted in the body of the mandate or other proper process."

Rule 24, subd. 2: "In all cases of affirmance of any judgment or decree in this court, costs shall be allowed to the defendant in error or appellee, unless otherwise ordered by the court."

(3) "In cases of reversal of any judgment or decree in this court, costs shall be allowed to the plaintiff in error or appellant, unless otherwise ordered by the court. The costs of the transcript of the record from the court below shall be a part of such costs, and be taxable in that court as costs in the case."

(4) "Neither of the foregoing sections shall apply to cases where the United States are a party, but in such cases no costs shall be allowed in this court for or against the United States."

By the last subdivision quoted it is declared that neither subdivision 2 nor 3 of rule 24 apply to cases where the United States are parties; and, further, that in such cases no costs shall be allowed in the supreme court for or against the United States. So far from an implication arising from this provision that no costs shall be allowed in the trial court for the United States, the inference properly deducible is the other way; for if, by this rule, the supreme

court had intended that no costs should be allowed the United States in either court, the provision would not have been that "no costs shall be allowed in this [the supreme] court for or against the United States," but that no costs shall be allowed for or against the United States, in this or the lower court; or, generally, that no costs shall be allowed for or against the United States, or some such equivalent expression. And that the supreme court itself does not consider that its rules deprive the United States of the right to recover costs incurred in the trial court in a suit in which they are successful is shown by its decision in the case of U. S. v. Sanborn, 135 U. S. 271, 10 Sup. Ct. Rep. 812, where the judgment of the circuit court refusing to allow such costs was reversed, and judgment therefor in favor of the United States ordered.

The mandates in the present suits are silent in respect to costs, but the direction is that the decrees be entered for the complainant for the relief sought. The rule in equity is that the court costs follow the decree, unless the circumstances of the case be such as, in the interest of justice, to induce the court to modify the rule. 2 Daniell, Ch. Pr. side p. 1381; Adams, Eq. side pp. 391, 392.

In Riddle v. Mandeville, 6 Cranch, 86, where, nothing having been said in the mandate respecting costs, in response to a motion for a further mandate to the lower court to award the costs of that court the supreme court, speaking through Chief Justice Marshall, said:

"The court below is always competent to award costs in a chancery suit in that court, and in case of a mandate may issue execution therefor."

It is suggested that, as no costs can be recovered from the United States in the event they are unsuccessful in the litigation, it is beneath their dignity to accept costs in the event they are successful. If the rule contended for be put upon that ground, it is as applicable to cases at law as to suits in equity; and that it is not the rule in the former is clearly shown in the case of U. S. v. Sanborn, above cited. And even in the courts of equity in England it is not the invariable rule that the sovereign does not receive costs. I quote from 1 Daniell, Ch. Pr. (Ed. 1854,) side pp. 12, 13:

"It has been said that as the king, by reason of his prerogative, does not pay costs to a subject, so it is beneath his dignity to receive them. But many instances occur in the course of practice in which the attorney general receives costs. In the court of exchequer it is the every-day practice for the crown to receive costs in interlocutory applications which are refused; and in the court of chancery, when collusion is suspected between the defendants and the relators, the attorney general attends by a distinct solicitor, and always receives his costs. In Attorney General v. Earl of Ashburnham, 1 Sim. & S. 394, Sir J. Leach, V. C., said, in reference to the asserted principle that the crown can neither pay nor receive costs: 'I find no such principle in courts of equity. The attorney general constantly receives costs, where he is made a defendant in respect of legacies given to charities; and even where he is made a defendant in respect of the immediate rights of the crown in cases of intestacy, and where charity informations have been filed by the attorney general, costs have been frequently awarded him in interlocutory matters, independently of the relator.'"

Motions denied.